**Ben De LUCA, Plaintiff,**

v.

**Gordon R. STARCK et al., Defendants.**

No. 74–C–465.

United States District Court,
E. D. Wisconsin.

March 10, 1976.

Robert E. Sutton, Milwaukee, Wis., for plaintiff.

Ray T. McCann, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for dismissal and, alternatively, for summary judgment. The complaint avers that the plaintiff was removed from his employment by the defendants without due process of law. The plaintiff was the city clerk of the city of Franklin and had held such position since 1966. In September, 1972, he was suspended from office, and a hearing was held in November, 1972. A formal removal was effected by the city's common council on January 3, 1973.

A state action in the Wisconsin circuit court was previously brought by Mr. De Luca. *State of Wisconsin, ex rel De Luca v. The Common Council of the City of Franklin,* case no. 411–337. That case is now on appeal to the state supreme court.

■ The defendants urge that in the state action "the plaintiff raised all the constitutional issues sought to be raised" in the case at bar. I am unable to rule that the instant action is of the precise same breadth as the state action. For example, the defendants concede that the conspiracy averments of the federal action were not included in the state action. Thus, the present motions, insofar as they are based on res judicata may not be granted. However, insofar as the motions are bottomed on abstention grounds, the pending state action is sufficiently close in its character to warrant this court's attention.

The United States Supreme Court, in *Huffman v. Pursue,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), held that *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) principles may apply to civil actions when there is an application to a federal court and a prior state civil action. Said the Court 420 U.S. at p. 607, 95 S.Ct. at p. 1209, 43 L.Ed.2d at p. 494:

"Informed by the relevant principles of comity and federalism, at least three Courts of Appeals have applied *Younger* when the pending state proceedings were civil in nature. See *Duke v. Texas,* 477 F.2d 244 (CA5 1973); *Lynch v. Snepp,* 472 F.2d 769 (CA4 1973); *Cousins v. Wigoda,* 463 F.2d 603 (CA7 1972). For the purposes of the case before us, however, we need make no general pronouncements upon the applicability of *Younger* to all civil litigation. It suffices to say that for the reasons heretofore set out, we conclude that the District Court should have applied the tests laid down in *Younger* in determining whether to proceed to the merits of appellee's prayer for relief against this Ohio civil nuisance proceeding."

If only declaratory relief were sought by Mr. De Luca, the pendency of the state

20

action would not be a significant factor. *Ellis v. Dyson*, 421 U.S. 426, 95 S.Ct. 1691, 44 L.Ed.2d 274 (1975).

■ Mr. De Luca has alleged that he has been deprived of constitutional due process. He is not required to exhaust state remedies. *McNeese v. Board of Education*, 373 U.S. 668, 674, 83 S.Ct. 1433, 1437, 10 L.Ed.2d 622, 626 (1963). This court is not being asked to enjoin any state proceedings. There are many impressive authorities limiting federal intervention. For example, *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561, 44 U.S.L.W. 4095 (decided January 21, 1976). Nevertheless, I conclude that abstention is not appropriate here. *Indiana State Employees Assoc. Inc. v. Boehning*, 511 F.2d 834 (7th Cir. 1975); *Drexler v. Southwest Du Bois School Corp.*, 504 F.2d 836 (7th Cir. 1974).

■ In support of their motions, the defendants argue that this court is without jurisdiction to entertain this action under 42 U.S.C. § 1983. The allegations of the complaint regarding violation of due process sufficiently meet the jurisdictional requirements of this court. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

For the same reasons, the complaint must be held to state a claim upon which relief could be granted. The complaint charges that due process was denied to the plaintiff because the same "individuals who caused the initiation of the process against the plaintiff and proposed the specifications and charges sat as judges upon the hearing on said charges." The impact of this allegation of the complaint was greatly diminished, but not obliterated, by *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 43 L.Ed.2d 712 (1975). At page 51, 95 S.Ct. at page 1466, 43 L.Ed.2d at page 726, the Court commented as follows:

"That is not to say that there is nothing to the argument that those who have investigated should not then adjudicate. The issue is substantial, it is not new, and legislators and others concerned with the operations of administrative agencies have given much attention to whether and to what extent distinctive adminis-

trative functions should be performed by the same persons. No single answer has been reached."

As the plaintiff properly notes, *Withrow v. Larkin* imposes a very heavy evidentiary burden upon him. In *Withrow*, the Court said, at page 55, 95 S.Ct. at page 1468, 43 L.Ed.2d at page 728:

"No specific foundation has been presented for suspecting that the Board had been prejudiced by its investigation or would be disabled from hearing and deciding on the basis of the evidence to be presented at the contested hearing. The mere exposure to evidence presented in nonadversary investigative procedures is insufficient in itself to impugn the fairness of the Board members at a later adversary hearing."

■ The defendants also contend that there is an immunity afforded the defendants because they acted in a judicial capacity. There is no merit to this position since these were not judicial actions on the part of the defendants. The protections afforded in *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) are not applicable to the city's alleged conduct. Whether the defendants can enjoy an immunity under *Wood v. Strickland*, 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), cannot be determined upon the present state of the record. See, also, *Hostrop v. Board of Directors*, 523 F.2d 569, 577 (7th Cir. 1975). Arguably, the defendant Gregory, as a "prosecutor" might find immunity under *Imbler v. Pachtman*, decided on March 2, 1976, by the United States Supreme Court. 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128, 44 U.S.L.W. 4250. However, Mr. Gregory's role is not fully explored in the present record, and the question of his possible immunity will not be resolved at this time.

■ The defendant city of Franklin is entitled to dismiss pursuant to *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973). In that case, the Court decided at page 513, 93 S.Ct. at page 2226, 37 L.Ed.2d at page 116, that a municipal corporation is not a "person" under

§ 1983 and is "outside of its ambit for purposes of equitable relief as well as for damages." See also, *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973).

 The defendants' arguments as to laches are not impressive. The defendants have cited no relevant authority for their suggestion that this action under § 1983 is tardy. They have also failed to show any prejudice by the timing of the commencement of this action.

In view of the foregoing, I find that except for dismissal as to the city the defendants' motions may not be granted.

Therefore, IT IS ORDERED that the defendant's motions to dismiss and for summary judgment be and hereby are denied, except as to the city of Franklin, whose motion to dismiss be and hereby is granted.