Benjamin PERROTTA, Plaintiff,

v.

Ivan IRIZARRY, Finance Administrator, et al., Defendants.

No. 76 Civ. 2437.

United States District Court,
S. D. New York.

May 3, 1977.

Benjamin Perrotta, pro se.

W. Bernard Richland, Corp. Counsel, New York City, for defendant Click; Reuben David, New York City, of counsel.

ROBERT J. WARD, District Judge.

Defendant Philip Click ("Click") moves for summary judgment pursuant to Rule 56, Fed.R.Civ.P. Plaintiff Benjamin Perrotta ("Perrotta") cross-moves for summary judgment against defendant Click and for a declaratory judgment against defendants Ivan Irizarry ("Irizarry"), Harry Tishelman ("Tishelman"), and Morton Bock ("Bock") for failure to interpose an answer.[1] The record before the Court indicates that "there is no genuine issue of any material

---

1. The record indicates that only defendant Click was served personally. As is evident from the "U. S. Marshals Service Process Receipt and Return," the named defendants Irizarry, Tishelman and Bock were not personally served. Instead, the summonses and complaints were left with other individuals who were employees of the Finance Administration. The three non-moving defendants state in their affidavits that they did not authorize any agent to receive process on their behalf. No actual appointment to accept service has been shown and therefore proper agent service was not effectuated. Nor was process served upon defendants Irizarry, Tishelman and Bock in compliance with New York law. N.Y. CPLR § 308(2) (McKinney 1975) provides that delivery of a summons to a place of business is

fact," Rule 56(c), Fed.R.Civ.P., and for the reasons hereinafter stated, summary judgment is granted in favor of defendant Click. Plaintiff's cross-motions are denied.

Plaintiff, a former employee of the Finance Administration of the City of New York, instituted this *pro se* action under 42 U.S.C. § 1985(3) and its jurisdictional counterpart 28 U.S.C. § 1343, 18 U.S.C. §§ 241, 242 and the fourth, fifth, sixth, eighth and fourteenth amendments of the United States Constitution, alleging that his termination from employment constituted a conspiracy to violate his constitutional and civil rights. Perrotta was employed as an assistant assessor of real estate from 1963 until his suspension in September of 1975. Pursuant to N.Y.Civ.Serv.L. § 75 (McKinney 1973), Irizarry, the City's Finance Administrator, served upon plaintiff notice of certain charges preferred against him.[2] The charges stemmed, in part, from plaintiff's alleged violation of Opinion No. 53 of the Board of Ethics of the City of New York, which held that the ownership of real estate for profit in the City of New York by an assessor was in conflict with his official duties and in violation of the Code of Ethics of the City of New York. After a formal disciplinary proceeding before Hearing Officer Bock, plaintiff was found guilty of all but one of the charges and on May 4, 1976, was dismissed from his employment.

During the pendency of the disciplinary hearing, Perrotta commenced an Article 78 proceeding in state court ("Article 78 # 1") against Irizarry, challenging his suspension on constitutional grounds. His petition was dismissed "without prejudice to petitioner's right to bring a new proceeding pursuant to Article 78 of the CPLR" and without an adjudication on the merits. Thereafter, plaintiff instituted this action in federal court alleging that defendants conspired to violate his constitutional rights, and seeking punitive damages and criminal penalties. Perrotta's claims are as follows:

1. Defendants Irizarry, Tishelman, Click and Bock conspired to deny plaintiff his position as an employee of the Finance Administration by means of selective prosecution;

2. Defendant Irizarry maliciously caused the issuance of a press release detailing the charges against plaintiff prior to a determination on the merits, causing plaintiff irreparable mental anguish and damage to his name and reputation;

3. Defendants Irizarry, Tishelman, Click and Bock conspired to deny plaintiff procedural due process at the disciplinary hearing;

4. Defendants Irizarry, Tishelman, Click and Bock conspired to deny plaintiff the right to be informed of the nature of the accusation against him by failing to serve plaintiff with a statement of the charges upon which his dismissal was based;

incomplete without the mailing of the summons to the person to be served at his last known residence and the filing of proof of service within twenty days thereafter with the clerk of the court designated in the summons. Thus, it appears that process was not properly served according to Fed.R.Civ.P., Rule 4(d). However, the non-moving defendants have not raised the defense of insufficiency of process under Fed.R.Civ.P., Rule 12(h), by motion or responsive pleading. Only defendant Click chose to answer plaintiff's complaint as well as to respond by moving for summary judgment. In Click's answer and motion papers, counsel for Click did refer to the fact that defendants Irizarry, Tishelman and Bock were not properly served. However, no formal motion or answer was made on their behalf and they are, therefore, in default.

2. Perrotta was charged as follows:
1. Investing in real estate for profit in New York City in conflict with his official duties as an Assistant Assessor in the Real Property Assessment Department and in violation of Board of Ethics Opinion No. 53;
2. Falsely stating that he did not have an interest in any real estate in New York City when, in fact, he did own real estate within the City;
3. Using sick leave in violation of the Leave Regulations for New York City Employees Under the Career and Salary Plan;
4. Refusing to testify before the Department of Investigation concerning matters directly related to his duties as a City employee;
5. Omitting real estate that he owned from his Statement of Real Estate Holdings Located Within the City of New York.

5. Defendants Irizarry, Tishelman and Bock submitted perjurious affidavits relating to service upon them with the intent to violate plaintiff's constitutional rights.

Prior to decision by this Court on plaintiff's federal claims, Perrotta filed a second Article 78 proceeding ("Article 78 # 2") in state court against Irizarry and the Finance Administration of the City of New York, in which he claimed that: the charges against him were spurious; the charges were based on hearsay evidence; he was denied due process at the hearing; Irizarry abused his discretion as to the measure or mode of punishment; and the application of Ethical Opinion 53 was arbitrary and selective. Perrotta's application to the state court to review and set aside his dismissal from employment was denied in all respects. *Perrotta v. Finance Administration of the City of New York, Ivan Irizarry, Finance Administrator, of the City of New York,* Index No. 1171/76 (Sup.Ct.N.Y.Co. Feb. 28, 1977).

■ Defendants claim that plaintiff is barred by *res judicata* or collateral estoppel from relitigating in the federal forum those claims which he had previously advanced in the Article 78 proceedings. "The law is that once an issue has been litigated in the State courts, it may not be relitigated in the Federal courts." *Montagna v. O'Hagan,* 402 F.Supp. 178, 181 (E.D.N.Y.1975), *aff'd without opinion,* 538 F.2d 311 (2d Cir. 1976) (citation omitted). *Res judicata* or collateral estoppel applies only if there has been a prior judgment on the legal or factual merits of the case. *Mitchell v. National Broadcasting Co. & Nygreen,* 553 F.2d 265 (2d Cir. 1977). In view of the fact that Article 78 # 1 was dismissed without an adjudication on the merits and was afforded no *res judicata* effect upon further state actions, it also acts as no bar to subsequent federal litigation. *Taylor v. New York City Transit Authority,* 309 F.Supp. 785, 791 (E.D.N.Y.), *aff'd,* 433 F.2d 665 (2d Cir. 1970).

■ However, Article 78 # 2 did result in an adjudication on the merits and, therefore, the *res judicata* effect of that proceeding depends upon whether the claims advanced here are sufficiently different from those brought in that proceeding. *See Mitchell v. National Broadcasting Co. & Nygreen, supra; Graves v Olgiati,* 550 F.2d 1327 (2d Cir. 1977); *Lombard v. Board of Education,* 502 F.2d 631 (2d Cir. 1974), *cert. denied,* 420 U.S. 976, 95 S.Ct. 1400, 43 L.Ed.2d 656 (1975). As Judge Weinfeld has noted in *Morpurgo v. Board of Higher Education in City of New York,* 423 F.Supp. 704, 710 (S.D.N.Y.1976):

[A]lthough res judicata would ordinarily operate to bar subsequent litigation of all claims that were or could have been asserted in a prior action, the application of that principle has been relaxed somewhat by the Court of Appeals in civil rights actions. The rule now appears to be that a plaintiff is not barred from asserting those constitutional claims that could have been, but were not, advanced in a state court proceeding; rather, he is barred from renewing only those claims specifically raised and passed upon by the state courts. (footnote omitted)

■ The only issues which plaintiff has arguably raised in both the state and federal actions are his claims of selective prosecution and denial of due process. In *Newman v. Board of Education,* 508 F.2d 277, 278 (2d Cir.), *cert. denied,* 420 U.S. 1004, 95 S.Ct. 1447, 43 L.Ed.2d 762 (1975), the Court of Appeals concluded that appellant's due process claim had neither been raised nor adjudicated in state court where mere mention of the phrase "due process" had been made without any accompanying "elaborations or citations of authority." In Perrotta's ten-page petition to the New York Supreme Court, he referred only in passing to his claims of denial of due process and selective prosecution and, therefore, cannot now be precluded from raising these constitutional issues in federal court.

Nor is the scope of the instant action identical to that of the Article 78 # 2 proceeding because of the allegations of conspiracy here which were absent in the state action. *See DeLuca v. Starck,* 414 F.Supp. 18 (E.D.Wis.1976); *compare Mitchell v. National Broadcasting Co. & Nygreen, supra.* The plaintiff is, therefore, not barred by the

principle of *res judicata* from litigating in this forum and thus, the Court will proceed to determine whether the allegations set forth in plaintiff's complaint state a claim upon which relief can be granted.

From the onset, this Court takes note of the liberal standard which has traditionally been applied to *pro se* pleadings. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, "this liberality is not without limits." *Williams v. Halperin*, 360 F.Supp. 554, 556 (S.D.N.Y. 1973). Plaintiff has improperly invoked a criminal statute as part of the basis of his claims. Perrotta asks that penalties be imposed upon defendants under 18 U.S.C. § 242, which provides for criminal sanctions for deprivation of civil rights under the color of law. There is, however, no private cause of action under 18 U.S.C. § 242. *Williams v. Halperin, supra; Brown v. Duggan*, 329 F.Supp. 207 (W.D.Pa.1971).

Plaintiff has also failed to allege facts which constitute a claim upon which relief can be granted under 42 U.S.C. § 1985(3). Section 1985 addresses itself only to conspiracies to deny equal protection under the law. Conspiracies to deny due process are not covered by this statute. *Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); *Dowsey v. Wilkins*, 467 F.2d 1022 (5th Cir. 1972); *Slegeski v. Ilg*, 395 F.Supp. 1253 (D.Conn. 1975). Only plaintiff's allegation of selective prosecution speaks in terms of equal protection. However, plaintiff does not allege that he has been the victim of any class-based discrimination. The Supreme Court in *Griffin v. Breckenridge, supra*, 403 U.S. at 102, 91 S.Ct. at 1798, construed section 1985 as follows:

> The language requiring intent to deprive equal protection, or equal privileges and immunities, means that there must be some racial or perhaps otherwise class-based, invidiously discriminating animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.

This language has been interpreted to require a claim of discrimination between classes such as that based on racial bias, national original or religion. *Hahn v. Sargent*, 523 F.2d 461 (1st Cir. 1975); *Arnold v. Tiffany*, 487 F.2d 216 (9th Cir. 1973), *cert. denied*, 415 U.S. 984, 94 S.Ct. 1578, 39 L.Ed.2d 881 (1974); *Western Telecasters, Inc. v. California Federation of Labor*, 415 F.Supp. 30 (S.D.Cal.1976); *Slegeski v. Ilg, supra*. Therefore, plaintiff's claims are not within the scope of § 1985(3).

Although not specifically referred to in the complaint, plaintiff's allegations could conceivably state a claim under 42 U.S.C. § 1983. The reach of § 1983 is greater than § 1985—there is no requirement of class-based discrimination. *Hahn v. Sargent*, 388 F.Supp. 445, 450 (D.Mass.), *aff'd*, 523 F.2d 461 (1st Cir. 1975); *Hoffman v. Halden*, 268 F.2d 280, 293–94 (9th Cir. 1959). Plaintiff alleges that defendants conspired to violate his constitutional rights by means of selective prosecution. However, he presents no underlying facts to support his claim. He neither alleges that defendants actually formed an agreement nor that they engaged in any overt act in furtherance thereof. *Hahn v. Sargent, supra*. In *LaRouche v. City of New York*, 369 F.Supp. 565, 567 (S.D.N.Y.1974), the court in dismissing plaintiff's § 1983 action alleging conspiracy stated:

> A complaint under § 1983 must set forth more than vague, conclusory allegations charging a defendant's participation in a conspiracy. Plaintiffs must allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy. (footnote omitted)

While this Court recognizes that *pro se* pleadings are to be read liberally, mere conclusory statements are insufficient to state a cause of action. *Powell v. Workmen's Compensation Board*, 327 F.2d 131 (2d Cir. 1964); *Dickinson v. French*, 416 F.Supp. 429 (S.D.Ala.1976). Even if plaintiff's allegations of conspiracy had stated a

claim under § 1983, plaintiff would fail on the merits.

 Plaintiff alleges that the charges made against him at the disciplinary hearing were "spurious in nature and constitute[d] selective prosecution." However, selective enforcement does not in and of itself amount to a constitutional violation. *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962). In a criminal case, in order to prevail upon a defense of selective prosecution a defendant must show:

> (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i. e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights. These two essential elements are sometimes referred to as "intentional and purposeful discrimination." See *Snowden v. Hughes*, 321 U.S. 1, 8, 64 S.Ct. 397, 88 L.Ed. 497 (1943).

*United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974). The standards enunciated by the Second Circuit in *Berrios* have been held applicable to a civil rights action in which a plaintiff claims to have been subjected to disciplinary action as a result of discriminatory prosecution. *McLean v. Rochford*, 404 F.Supp. 191, 199 (N.D.Ill. 1975). Plaintiff has not alleged that other known offenders have not been disciplined, nor is there any indication that the decision to institute disciplinary charges against plaintiff was made on invidious grounds. It is within the discretion of an employer to maintain reasonable conditions of employment, *e. g.*, to prevent conflicts of interest. Plaintiff admittedly violated a condition of his employment by owning real estate for profit, and has alleged no facts which show that he was terminated in a discriminatory manner.

Plaintiff further alleges that defendants conspired to deny his rights to due process of law in the following manner: Defendants unjustifiably delayed the disciplinary hearing; defendants did not present plaintiff with notice of the charges against him; defendants did not allow plaintiff to be confronted with the witnesses against him; and plaintiff never received a copy of the findings. The Court finds these allegations to be unsubstantiated by the evidence in this case.

██ As a permanent civil service employee, plaintiff was entitled to be given notice and afforded a hearing prior to his dismissal in accordance with the Due Process Clause of the fourteenth amendment as well as N.Y.Civ.Serv.L. § 75 (McKinney 1973). *See Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972) and *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The hearing before Hearing Officer Morton Bock held between December 22, 1975 and February 26, 1976 satisfied this requirement. The evidence indicates that Perrotta received notice of the charges against him in a letter addressed to him dated October 15, 1975. The formal disciplinary hearing was delayed at plaintiff's own request. As a condition for such adjournment he agreed to waive his right to return to work at the expiration of his thirty-day suspension and until the formal disciplinary hearing was held and a determination of the charges was made. Plaintiff was notified of the findings against him in a letter addressed to him and dated May 4, 1976.

At the hearing, plaintiff requested that various city employees be produced as his witnesses. While other witnesses were produced on his behalf, Hearing Officer Bock ruled that the following witnesses need not be produced because their testimony was not considered material and relevant: Irizarry; Tishelman; Frank DiLorenzo, the conference leader at the informal conference with plaintiff, which preceded the formal hearing; and Lawrence Iacueo, who conducted a hearing as to plaintiff at the Department of Investigation of the City of

New York. Irizarry and Tishelman were not produced because they were not plaintiff's immediate supervisors and their knowledge of the facts in the case would have been based on reports from others. Plaintiff's immediate supervisors, Click, Deputy Finance Administrator; Jesse Alexander, Assessor-in-Charge of the Brooklyn Office of Real Property; and A. John Giuliano, Assessor-in-Charge of the Queens Office of Real Property, who had first-hand knowledge of plaintiff's case, were produced for plaintiff to call as his witnesses. The testimony of DiLorenzo and Iacueo was not considered necessary because transcripts of the respective hearings held before them were put in evidence at the formal hearing and, in fact, plaintiff was found not guilty of the only charge which arose out of his appearance before Iacueo.

An examination of the findings of Hearing Officer Bock indicates that plaintiff was accorded due process of law. "The formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings." *Board of Regents v. Roth, supra* at 570 n. 8, 92 S.Ct. at 2706. Plaintiff was allowed to appear by counsel and to cross-examine those witnesses who presented relevant testimony against him. Production of the other witnesses would only have served to disrupt the workings of the Finance Administration without any concomitant benefit to plaintiff.

Plaintiff further alleges that defendants "conspired not to serve the plaintiff with a Notice of Charges and Statement of Charges." This claim is wholly without merit and is based upon plaintiff's misreading of the affidavit of Reuben David, attorney for Click, sworn to the 22nd day of September 1976, which stated in part that "Plaintiff's dismissal was based on *other charges* of which Plaintiff was found guilty." (emphasis added). At the formal hearing, plaintiff had been found guilty of four of the five charges preferred against him. By "other charges," defendant's counsel was attempting to differentiate between Charge Number 1, which related to the Board of Ethics Opinion and Charges Number 2, 3 and 5, which did not. In fact, plaintiff had received notice of all five charges against him in a letter addressed to him and dated October 15, 1975.

Plaintiff also alleges that defendant Irizarry damaged his reputation by issuing a press release on October 8, 1976, detailing the charges against him. Assuming that the issuance of the press release is sufficient to make out a claim of stigmatization under § 1983, *Board of Regents v. Roth, supra,* "the remedy mandated by the Due Process Clause of the Fourteenth Amendment is 'an opportunity to refute the charge.'" *Codd v. Velger,* —— U.S. ——, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977), *quoting Board of Regents v. Roth, supra,* 408 U.S. at 573, 92 S.Ct. 2701. In the instant case, a pre-termination hearing at which plaintiff was given the opportunity to refute the charges against him was, in fact, held. Thus, plaintiff was accorded his due process rights.

Finally, plaintiff asserts that defendants Irizarry, Tishelman and Bock submitted "perjurious" affidavits regarding service of process in violation of his constitutional rights. This claim is "wholly insubstantial and frivolous." *Bell v. Hood,* 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946).

Accordingly, defendant Click's motion for summary judgment is granted and plaintiff's cross-motions are denied. In view of the disposition of these motions, the interests of justice would not be served by keeping this case open as to the defendants who are in default. Accordingly, the Court *sua sponte* dismisses the complaint as to all defendants.

It is so ordered.