**Robert RAMIREZ, Plaintiff,**

v.

**BROOKLYN AIDS TASK FORCE and Rafael Torres, Defendants.**

No. CV 96 3137(RJD).

United States District Court, E.D. New York.

Sept. 15, 1997.

Robert Ramirez, Arthur Kill Correctional Facility, Staten Island, NY, for plaintiff.

Jonathan A. Wexler, Vedder, Price, Kaufman, Kammholz & Day, New York City, for defendants.

### MEMORANDUM & ORDER

DEARIE, District Judge.

■ *Pro se* plaintiff Robert Ramirez ("Ramirez") brought this action pursuant to 42 U.S.C. §§ 1981 and 1985(3) for violation of his privacy and confidentiality rights ("Ramirez II"). Defendant Brooklyn Aids Task Force ("BATF") is an AIDS education and outreach organization, and defendant Rafael Torres ("Torres") is a BATF substance abuse counselor. Defendants have moved to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds of res judicata[1] and failure to state a claim.

### Background

For purposes of this motion, the Court accepts as true the allegations in plaintiff's complaint. Ramirez became a BATF client, and Torres was Ramirez's substance abuse counselor from about March 13, 1992 to March 7, 1994. Compl. at 2–3. Ramirez alleges that on March 7, 1994, during a drug and alcohol relapse, he relayed to Torres certain information about what had transpired between Ramirez and his common-law wife. *Id.* at 3. Subsequently, a warrant was issued for plaintiff's arrest, and Torres escorted him to the police station. *Id.* at 3–4. Ramirez alleges that Torres revealed Ramirez's HIV-related and other confidential information to the police, the District Attorney's office "and/or" the grand jury, in viola-

---

1. Although the doctrine of res judicata is an affirmative defense and defendants have not filed an answer, the Second Circuit has recognized that "when all relevant facts are shown by the court's own records, of which the court takes notice, the defense [of res judicata] may be upheld on a rule 12(b)(6) motion without requiring an answer." *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir.), *cert. denied,* 506 U.S. 821, 113 S.Ct. 71, 121 L.Ed.2d 37 (1992).

tion of plaintiff's privacy and confidentiality rights under state and federal constitutional law. *Id.* at 4. Ramirez further alleges that Torres forged Ramirez's signature on an authorization form for release of confidential information. *Id.* at 5.

Ramirez acknowledges that he had previously filed a lawsuit in this Court, *Ramirez v. Torres, et al.*, 94–CV–3665 (RJD) ("Ramirez I"), based on "these same facts." *Id.* at 2. Ramirez I was an action pursuant to § 1983 against Torres, BATF and other defendants. The Court dismissed Ramirez I by an Order dated September 18, 1995 ("Ramirez I Order"), which stated that "[t]he Court has no jurisdiction over this case.... [P]laintiff's § 1983 claim is not cognizable" because BATF is a private agency, and its actions and those of its employees do not constitute state action. Ex. 1 to Def. Notice of Motion.

### *Discussion*

### 1. Res Judicata

 Defendants seek dismissal of Ramirez's complaint on the ground that it is barred by the doctrine of res judicata. Res judicata, or claim preclusion, prevents a party from relitigating a claim if four conditions are met: 1) there was a final judgment on the merits in the first action; 2) the judgment was rendered by a court of competent jurisdiction; 3) the first action involved the same parties or their privities; and 4) the first action involved the same cause of action. *In re Teltronics Services, Inc.*, 762 F.2d 185, 190 (2d Cir.1985); *see also Greenberg v. Bd. of Governors of Fed. Reserve Sys.*, 968 F.2d 164, 168 (2d Cir.1992) ("The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits in one action bars subsequent relitigation of the same claim by the same parties and by those in privity with the parties."). The claim preclusion doctrine bars not only issues that were adjudicated in the first proceeding, but also any other issue or claim that could have been raised or decided, but was not. *See, e.g., Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981); *Clarke v. Frank*, 960 F.2d 1146, 1150 (2d Cir.1992); *N.L.R.B. v.*

*United Technologies Corp.*, 706 F.2d 1254, 1259 (2d Cir.1983).

It is not disputed that the second and third conditions for the application of res judicata are satisfied in this case.

### a. Adjudication on the Merits

 Ramirez contends that the Ramirez I Order was not an adjudication on the merits because the Court dismissed the action for lack of jurisdiction. Pl. Opp. at 4–5. For res judicata purposes, a Rule 12(b)(6) dismissal is deemed to be a judgment on the merits, while a Rule 12(b)(1) dismissal for lack of subject-matter jurisdiction is not. *See Federated Dep't Stores*, 452 U.S. at 399 n. 3, 101 S.Ct. at 2428 n. 3; *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187–88 (2d Cir.1996); *Exch. Nat'l Bank v. Touche Ross & Co.*, 544 F.2d 1126, 1130–31 (2d Cir.1976), *modified on other grounds*, 726 F.2d 930 (2d Cir.), *cert. denied*, 469 U.S. 884, 105 S.Ct. 253, 83 L.Ed.2d 190 (1984); *see also Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 713 (2d Cir.1977) (noting that "modern view ... expands the category of judgments that will be considered res judicata to include dismissal on other than traditionally 'substantive' grounds"); Fed. R. Civ. Pro. 41(b). To elucidate the often subtle distinction between Rules 12(b)(1) and 12(b)(6) in federal question cases, Justice Black wrote:

> [I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946) (citations and footnote omitted). The Second Circuit recently noted that "the federal courts have followed a general practice of granting jurisdiction in

most cases and dismissing for lack of subject matter jurisdiction only under narrow circumstances." *Nowak*, 81 F.3d at 1188.

Although the Ramirez I Order states that the Court had no jurisdiction over the case, the dismissal is viewed properly as a determination that plaintiff failed to state a claim for which relief could be granted under § 1983. As the Ramirez I Order explained, the reason for the dismissal was that the claim was not cognizable under § 1983 because there was no state action. *See Darvoe v. Town of Trenton*, 785 F.Supp. 305, 311 (N.D.N.Y.) (dismissing for failure to state a claim under Rule 12(b)(6) because claim was not cognizable), *aff'd*, 979 F.2d 845 (2d Cir. 1992); *Wise v. Battistoni*, No. 92–CV–4288, 1992 WL 380914, at *2 (S.D.N.Y. Dec.10, 1992) (order dismissing *pro se* plaintiff's § 1983 claim for failure to allege state action was Rule 12(b)(6) dismissal for failure to state a claim). Therefore, the dismissal of Ramirez I was an adjudication on the merits.

**b. Same Cause of Action**

■ The fourth requirement for applying res judicata is that the two claims constitute the same cause of action. The test for determining what constitutes the same cause of action has been articulated by the Second Circuit in various ways. Relevant criteria

> are whether a different judgment in the second action would impair or destroy rights or interests established by the judgment entered in the first action, whether the same evidence is necessary to maintain the second cause of action as was required in the first, and whether the essential facts and issues in the second were present in the first.

*Herendeen v. Champion Int'l Corp.*, 525 F.2d 130, 133–34 (2d Cir.1975) (footnotes omitted); *accord Tucker v. Arthur Andersen & Co.*, 646 F.2d 721, 727 (2d Cir.1981). Other Second Circuit cases have omitted the impairment of rights element, and have added "whether the same transaction or connected series of transactions is at issue" to the remaining two factors. *See N.L.R.B.*, 706 F.2d at 1259–60; *accord S.E.C. v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1463–64 (2d Cir.1996); *Prime Management Co., Inc. v. Steinegger*, 904 F.2d 811, 815 (2d Cir.1990). Other decisions include all four elements. *See Sure–Snap Corp. v. State Street Bank and Trust Co.*, 948 F.2d 869, 874, 875 (2d Cir.1991) (referring to "this Circuit's four-pronged test for sameness").

Courts in this Circuit often collapse the various criteria by emphasizing that "[t]he crucial element underlying all of these standards is the factual predicate of the several claims asserted. For it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (2d Cir.), *cert. denied*, 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977); *accord Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39 (2d Cir.1992), *cert. denied*, 506 U.S. 1053, 113 S.Ct. 977, 122 L.Ed.2d 131 (1993); *Norman v. Niagara Mohawk Power Corp.*, 873 F.2d 634, 638 (2d Cir.1989) (res judicata applies to claims arising "from a 'single core of operative facts'") (citation omitted); *Berlitz Sch. of Languages of Am., Inc. v. Everest House*, 619 F.2d 211, 215 (2d Cir.1980) ("[W]hatever legal theory is advanced, when the factual predicate upon which claims are based are [ (sic) ] substantially identical, the claims are deemed to be duplicative for purposes of res judicata."). However, the Second Circuit recently cautioned that with regard to whether the second litigation is precluded, "the fact that both suits involved essentially the same course of wrongful conduct is not decisive, nor is it dispositive that the two proceedings involved the same parties, similar or overlapping facts and similar legal issues." *S.E.C.*, 101 F.3d at 1463 (citations omitted).

Not surprisingly, divergent results may be reached depending on which factors of the "sameness" requirement are scrutinized. Focusing on the identity of the underlying conduct regardless of the legal theory alleged, courts have found that two claims constitute the same cause of action whenever the two actions involve the same transaction. *See Woods*, 972 F.2d at 38–39 (previous LMRA action precluded Title VII action because factual predicates were the same); *Saud v. Bank of New York*, 929 F.2d 916, 919–20 (2d Cir.1991) (affirmative defense of

fraud in previous action precluded fraud allegation in RICO action because both claims arose from same transaction); *Norman*, 873 F.2d at 638 (RICO claim for retaliatory harassment barred by previous dismissal of Energy Reorganization Act and civil rights claims based on same core of operative facts); *Yaba v. Roosevelt*, 961 F.Supp. 611, 621–22 (S.D.N.Y.1997) (§ 1981 harassment claim based on racial animus was "substantially or essentially the same claim" as previous attempt to litigate § 1981 claim based on sex); *Hernandez v. Cunningham*, 914 F.Supp. 72, 75 (S.D.N.Y.1996) (Title VII and § 1983 actions constituted same cause of action because same factual predicate was involved); *Bloomquist v. Brady*, 894 F.Supp. 108, 114–15 (W.D.N.Y.1995) (dismissal of libel and infliction of emotional distress claims barred subsequent Title VII action based on same set of underlying facts).

Sometimes, properly in this Court's view, courts resist the short-cut analysis and address the three or four factors set out above, which often leads to the conclusion that the two claims are not the same for purposes of res judicata. In *Herendeen*, 525 F.2d at 134, the plaintiff's state court action, grounded in fraudulent breach of contract, with lost pension benefits as one measure of damages, was dismissed for lack of an enforceable contract. The Second Circuit determined that his subsequent claim for pension benefits based on his participation in the pension plan "set forth an independent claim of defendant wrongdoing." *Id.* The court noted that the first proceeding had no occasion to consider the plaintiff's pension rights pursuant to the pension plan's regulations; that is, the issues were distinct. *Herendeen* also concluded that a judgment in the second action would not impair the parties' rights established by the state court adjudication, and that the evidence needed to sustain the second action was not the same as that in the state court proceeding. *Id.* at 134–35.

In a case involving a challenge to the content and scope of FDA regulations, the district court determined that an earlier judgment upholding the regulations as substantive (rather than interpretive) would not be impaired by allowing the action to proceed, and that an analysis of different evidence or a substantially different legal inquiry would be required to adjudicate the merits of the second action. *National Ass'n of Pharmaceutical Mfrs. v. Dep't of H.H.S.*, 586 F.Supp. 740, 747 (S.D.N.Y.1984). The court determined that res judicata did not bar claims in the second action even though "the 'facts' and 'evidence' [were] in some sense the same." *Id.*

*Lopez v. Ward*, 681 F.Supp. 192, 197 (S.D.N.Y.1988), involved a *pro se* plaintiff whose § 1983 claim against New York City was dismissed pursuant to Rule 12(b)(6) for failure to allege the existence of an unlawful policy or practice. The court determined that a subsequent action, filed with the assistance of counsel, asserted a new cause of action because the facts and evidence necessary to support the new claims were different, and the action would not impinge on the defendants' interests under the prior judgment. *Id.*

Before analyzing whether Ramirez I and Ramirez II constitute the same cause of action for purposes of res judicata, the Court notes that this case involves a *pro se* incarcerated plaintiff unschooled in the bewildering complexities of litigating in federal court. Courts must read *pro se* complaints liberally, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972), and permit amendment of *pro se* civil rights complaints "fairly freely." *Holmes v. Goldin*, 615 F.2d 83, 85 (2d Cir.1980). Furthermore, courts are obligated "to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training," *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983), and to afford such parties "every reasonable opportunity to demonstrate that [they] ha[ve] a valid claim." *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir.1984). The Court assumes that had plaintiff moved or cross-moved to amend his Ramirez I complaint to seek relief under different federal statutes, that request likely would have been granted. *Bradley v. Coughlin*, 671 F.2d 686, 690 (2d Cir.1982) (reversing district court's denial of *pro se* plaintiff's request to amend complaint).

Because claim preclusion does not bar a subsequent proceeding on a different cause of action, the various tests for determining whether two claims are indeed the same merit scrupulous consideration. While Ramirez I and Ramirez II admittedly involve the same set of occurrences,[2] this Court does not consider the factual overlap dispositive of whether the Ramirez I judgment should be accorded preclusive effect. Analysis of other considerations demonstrates the inadvisability of collapsing the various factors into the single issue of "same factual predicate," and leads the Court to conclude that the two claims do not possess "the requisite measure of identity." *See Herendeen*, 525 F.2d at 133. Adjudicating the instant action will not impair or· destroy defendants' rights established by the Ramirez I Order because that judgment determined only that defendants BATF and Torres are not state actors. State action is not a requirement under §§ 1981 and 1985(3). Furthermore, evidence necessary to support Ramirez's claims under §§ 1981 and 1985(3) is not the same as was required in Ramirez I, which was grounded in § 1983. For example, § 1981 protects only against racial discrimination, and § 1985(3) requires an allegation of conspiracy. Ramirez is not merely pursuing a different legal theory in Ramirez II; rather, if he were to survive a motion to dismiss for failure to state a claim, plaintiff would be seeking adjudication of defendants' alleged wrongdoing that is of a different nature than that in Ramirez I. Finally, an action under §§ 1981 and 1985(3) requires the Court to inquire into issues that are different than those involved in Ramirez I, even though the factual predicate is virtually identical in the two actions. Having applied the factors set out by the Second Circuit, this Court concludes that res judicata does not bar the instant action because Ramirez I and Ramirez II do not constitute the same cause of action.

The Court is mindful of the res judicata principle that "a party cannot split his claim by first seeking one type of remedy in one action and later asking for another type of relief in a second action." *Headley v. Bacon*,

828 F.2d 1272, 1276 n. 3 (8th Cir.1987) (citation omitted). However in this case, a *pro se* litigant has been grasping desperately for a viable cause of action to remedy the alleged violation of his privacy and confidentiality rights. The Court will not deprive him of that opportunity on the basis of the doctrine of res judicata.

### B. Failure to State a Claim

Defendants also argue that the action should be dismissed pursuant to Rule 12(b)(6) because Ramirez has failed to allege, even in a conclusory fashion, the necessary elements of a § 1981 or a § 1985(3) cause of action. The Court agrees.

A motion to dismiss for failure to state a claim should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Green v. Maraio*, 722 F.2d 1013, 1015–16 (2d Cir.1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)). A court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *LaBounty v. Adler*, 933 F.2d 121, 123 (2d Cir.1991). A *pro se* litigant's complaint is construed generously, and held to "less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 176, 66 L.Ed.2d 163 (1980) (per curiam) (quoting *Haines*, 404 U.S. at 520, 92 S.Ct. at 595–96). In deciding a Rule 12(b)(6) motion, the Court may consider papers and exhibits attached to the complaint, and matters of which judicial notice may be taken. *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir.1995).

#### a. 42 U.S.C. § 1981

To state a claim under § 1981, a plaintiff must allege

(1) [that he] is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) [that] the discrimination concerned one or more of the activities enumerated in the

---

2. However, the Court's review of the Ramirez I complaint reveals that it did not mention the allegation of a forged signature. *See* Ex. 2 to Def. Notice of Motion.

statute (ie. make and enforce contracts, sue and be sued, give evidence, etc.).

*Mian v. Donaldson, Lufkin & Jenrette Sec., Corp.,* 7 F.3d 1085, 1087 (2d Cir.1993). A § 1981 action must allege "that the defendants' acts were purposefully discriminatory . . . and racially motivated." *Albert v. Carovano,* 851 F.2d 561, 571–72 (2d Cir.1988) (en banc) (citations omitted). A Rule 12(b)(6) motion to dismiss a § 1981 claim cannot be defeated by the complaint's "naked assertions" of discrimination; rather, "the plaintiff must specifically allege the events claimed to constitute intentional discrimination as well as circumstances giving rise to a plausible inference of racially discriminatory intent." *Yusuf v. Vassar College,* 35 F.3d 709, 713–14 (2d Cir.1994) (citations omitted).

Ramirez's complaint does not come close to satisfying the pleading requirements of a § 1981 cause of action. Nowhere does he allege that he is a member of a racial minority, or make even a "naked assertion" of discrimination on the basis of race. *See* Compl.

### b. 42 U.S.C. § 1985(3)

To state a claim for relief under § 1985(3), a plaintiff must allege a conspiracy for the purpose of depriving him of equal protection or equal privileges and immunities, an act in furtherance of the conspiracy, and an injury or deprivation of a right or privilege of a citizen. *Mian,* 7 F.3d at 1087; *Katz v. Klehammer,* 902 F.2d 204, 207 (2d Cir.1990). The Supreme Court has stated that there must be a showing of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirator's action." *Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *see also Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 268–69, 113 S.Ct. 753, 758–59, 122 L.Ed.2d 34 (1993) (declining to decide whether women are a class protected by § 1985(3)); *United Bhd. of Carpenters v. Scott,* 463 U.S. 825, 836–37, 103 S.Ct. 3352, 3360–61, 77 L.Ed.2d 1049 (1983) (leaving open question of whether

class-based animus besides racial discrimination is covered by § 1985(3)).

Lower courts have extended the protection of § 1985(3) to groups other than blacks, but have construed "class-based" animus narrowly, to include only "discrete and insular" minorities protected under the Equal Protection Clause due to immutable characteristics. *Browder v. Tipton,* 630 F.2d 1149, 1150 (6th Cir.1980); *see also New York State Nat'l Org. for Women v. Terry,* 886 F.2d 1339, 1358–59 (2d Cir.1989) (women may constitute a class under § 1985(3)), *cert. denied,* 495 U.S. 947, 110 S.Ct. 2206, 109 L.Ed.2d 532 (1990); *Schultz v. Sundberg,* 759 F.2d 714, 718 (9th Cir.1985) (class must be suspect or quasi-suspect group, or one that congressional legislation has indicated merits special protection); *Orshan v. Anker,* 489 F.Supp. 820, 823 (E.D.N.Y.1980) (§ 1985(3) covers "well-defined" and "traditionally disadvantaged group[s]"); *Perrotta v. Irizarry,* 430 F.Supp. 1274, 1278 (S.D.N.Y.) (class includes race, national origin or religion), *aff'd,* 573 F.2d 1294 (2d Cir.1977).

Ramirez nowhere claims to be a member of any class, much less one protected by § 1985(3). Plaintiff's HIV-negative status, *see* Pl. Opp. at 7, does not entitle him or a "class" similarly situated to any special legal protection, nor does the "class" of persons with a certain HIV status qualify as a well-defined and traditionally disadvantaged group. Ramirez also fails to allege facts or even conclusory assertions to suggest a conspiracy motivated by class-based discriminatory animus. *See Bray,* 506 U.S. at 271–72, 113 S.Ct. at 760–61 (class-based discriminatory animus "implies that [an actor] selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group") (citation omitted).

Even the most liberal construction of Ramirez's complaint leads this Court to the conclusion that plaintiff has failed to state a cause of action under either § 1981 or § 1985(3).[3] For the foregoing reasons, the Court grants defendants' motion to dismiss

---

**3.** The Court finds no basis for Ramirez's request to convert defendants' motion to dismiss into a Rule 56 motion, or for allowing plaintiff the opportunity to conduct discovery to enable him to properly plead his claims. *See* Pl. Opp. at 3, 8.

the complaint for failure to state a claim, without prejudice. Ramirez's motion to compel discovery is denied. The Clerk of the Court is directed to close this case.

SO ORDERED.