No. 12330

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

WAYNE LOWE, JOHN HAMERELL,
RICHARD DICKINSON, et al.,

        Plaintiffs and Appellants,

-vs-

ROBERT D. O'CONNER, contractor,

        Defendant and Respondent.

---

Appeal from:  District Court of the Fourth Judicial District,
              Honorable E. Gardner Brownlee, Judge presiding

Counsel of Record:

    For Appellants:

        Mulroney, Delaney and Dalby, Missoula, Montana
        Stephen H. Dalby and John O. Mudd argued, Missoula,
        Montana

    For Respondent:

        Tipp, Hoven and Brault, Missoula, Montana
        Raymond Tipp argued, Missoula, Montana

---

                    Submitted:  September 25, 1973

                        Decided: NOV 1 1973

Filed: NOV 1 1973

*Thomas J. Kearney*
                          Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

Plaintiffs brought this action in the district court of the fourth judicial district, county of Missoula, to recover employee benefit contributions from defendant Robert D. O'Connor as a member of the Missoula Construction Council. Defendant denied membership in the Missoula Construction Council and the cause was submitted on stipulated facts. The district court, sitting without a jury, entered a judgment that plaintiffs take nothing by the complaint. From this judgment plaintiffs appeal.

The sole issue presented for review is whether or not defendant made an effective withdrawal from the Missoula Construction Council. The stipulated facts indicate that defendant became a member of the Council, which acted as an employers' bargaining unit, on January 1, 1964. Such membership required only the payment of dues. The Missoula Construction Council did not have established procedures regarding withdrawal from membership. Defendant stopped paying membership dues in June 1967 and gave oral notice of his withdrawal to the Council secretary. He did not give written notice to the Council, the unions or the plaintiff trusts.

In May 1968, the Missoula Construction Council entered into contracts with the appropriate unions covering the period May 1, 1968 to May 1, 1971. The membership list of the Council was submitted to the unions and plaintiff trusts. This list inadvertently included the name of defendant as a member of the bargaining unit. The contracts provided that the members of the Missoula Construction Council would be bound to the contract provisions requiring contributions be made to the plaintiff trusts. Defendant failed to make the contributions required by the contracts. Plaintiff trusts contend that defendant did not

effectively withdraw from the Council and seek to compel the payment of the contributions.

In considering plaintiffs' claim that defendant's withdrawal from the Construction Council was ineffective, we first observe that federal law controls. A dispute involving a collective bargaining agreement falls within the purview of Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185(a). While that section does leave concurrent jurisdiction in the state courts (Dowd Box Co. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L ed 2d 483, 486) the United States Supreme Court has clearly ruled that state courts are to apply federal law in the exercise of that jurisdiction. That Court in Teamsters Union v. Lucas Flour Co., 369 U.S. 95, 82 S.Ct. 571, 7 L ed 2d 593, 598, 599, said:

> "We hold that in a case such as this, incompatible doctrines of local law must give way to principles of federal labor law. * * *
>
> "The dimensions of § 301 require the conclusion that substantive principles of federal labor law must be paramount in the area covered by the statute. Comprehensiveness is inherent in the process by which the law is to be formulated under the mandate of Lincoln Mills, requiring issues raised in suits of a kind covered by § 301 to be decided according to precepts of federal labor policy."

The principles of federal labor law which control in this case are clearly set out in Retail Associates Inc., 120 N.L.R.B. 388, 395, (1958), in which the National Labor Relations Board states:

> "We would accordingly refuse to permit the withdrawal of an employer * * * from a duly established multiemployer bargaining unit, except upon adequate written notice given prior to the date set by the contract for modification, or to the agreed-upon date to begin the multiemployer negotiations."

Further, it appears that federal labor law requires the notice of withdrawal be conveyed to the other side. Universal Insulation Corporation v. N.L.R.B., 361 F.2d 406, 408, (6th Cir. 1966).

Applying these principles to the stipulated facts here,

- 3 -

it is immediately apparent that defendant failed to effectively withdraw from the Missoula Construction Council. Federal law allows withdrawal from a multiemployer bargaining unit only "upon adequate written notice". In the instant case the parties have stipulated the only notice given was oral. Further, notice of intention to withdraw must be conveyed to the other party. Here, the parties stipulated that defendant gave notice only to the Missoula Construction Council and the unions had no knowledge of defendant's purported withdrawal from the Council.

Accordingly, since defendant failed to give adequate notice and failed to see that such notice as he did give was conveyed to the unions, he failed to make an effective withdrawal from the Missoula Construction Council and he was a member at the time the contract requiring payments to plaintiff trusts was entered into. Defendant is therefore liable for the payments due under the agreement and for the deficiencies owing the plaintiff trusts.

The cause is reversed and remanded to the district court with instructions to enter judgment for the plaintiffs.

_____
| Justice

We concur:

_____
Chief Justice

_____

_____

_____
Hon. Peter G. Meloy, district
judge, sitting in place of Mr.
Justice John Conway Harrison.

- 4 -