James W. HERENDEEN, Plaintiff-Appellant,

v.

CHAMPION INTERNATIONAL CORPORATION et al., Defendants-Appellees.

No. 52, Docket 75–7083.

United States Court of Appeals, Second Circuit.

Argued Oct. 2, 1975.

Decided Nov. 10, 1975.

Gilbert J. Stroming, II, Morristown, N. J., for plaintiff-appellant.

Seymour Shainswit, Martin Teicher, Kronish, Lieb, Shainswit, Weiner & Hellman, New York City, for defendants-appellees.

Before WATERMAN, OAKES and MESKILL, Circuit Judges.

WATERMAN, Circuit Judge:

This appeal is from an order of Judge MacMahon of the Southern District of New York dismissing James Herendeen's complaint against the appellees, Champion International Corporation ("Champion"), Nationwide Papers Incorporated ("Nationwide") and the trustees and administrator of the Retirement Income Plan for Salaried Employees of Certain Subsidiaries of U.S. Plywood—Champion Papers, Inc., the ("Plan"), on the ground that the matters complained of were res judicata. The court concluded that the issues set forth in plaintiff's complaint had been previously decided in a state court proceeding which had there resulted in a dismissal of Herendeen's state court complaint for failure to state a claim upon which relief could be granted. The single question presented for review is whether the prior state court judgment is res judicata as to the action now under consideration. We find that it is not. Accordingly, we reverse the

order below and remand the case for further proceedings in the district court.

Herendeen is a former employee of defendant Nationwide.[1] He voluntarily resigned his position as a paper salesman of Nationwide on May 15, 1969, and took new employment with a competitor of Nationwide. He subsequently instituted suit in the Supreme Court, New York County, against U.S. Plywood—Champion Papers, Inc. (now Champion) and its subsidiary Nationwide and several of its officers and employees. He charged that the corporation acted fraudulently by inducing him to leave the paper business in order to deprive him of his employee and pension benefits by promising him that he would receive a new written employment contract and would continue to receive all of his employment benefits; but that after he relied on the promise he did not obtain a new contract. In that complaint Herendeen sought damages of $200,000 for the loss of his commissions in the paper industry, and $75,000 in lost pension benefits. The suit in the state court was determined on the merits against Herendeen, *Herendeen v. U.S. Plywood—Champion Papers, Inc.* (Sup.Ct.N.Y.Co., Nov. 20, 1972), *reported in New York Law Journal,* Jan. 11, 1973, *aff'd,* 41 A.D.2d 1030, 343 N.Y. S.2d 785 (1973). As the complaint alleged only an oral "agreement to agree," rather than an enforceable contract, Justice Markowitz held it failed to state a claim upon which relief could be granted,[2] and, of course, the court did not

---

1. Plaintiff sets forth in the complaint that he began his employment with Whitaker Paper Company in 1954; that Whitaker then had a pension trust for the benefit of its employees; that Whitaker in 1963 was merged into Nationwide; that Nationwide became a subsidiary of Champion International Corporation; that as of July 1, 1965, the Whitaker Plan was merged into the "Retirement Income Plan for Salaried Employees of Certain Subsidiaries of Champion International Corporation," i. e. the "Plan"; and that plaintiff was employed by Whitaker *and by Nationwide from 1954 to* May 15, 1969.

2. As reported in New York Law Journal and printed in the Joint Appendix of the parties here, the memorandum of decision granting the defendants' motion to dismiss reads as follows:

> Defendants . . . move to dismiss the complaint as legally insufficient and as barred by the Statute of Frauds (Gen. Oblig. Law sec. 5–701[1]).
>
> The complaint sounds in fraud. It alleges that plaintiff was induced in September, 1967, to relinquish and give up the commercial paper accounts he serviced as a salesman for the various defendants, and to forego the commissions on these accounts, on the representations by defendants that plaintiff "would receive a written contract of employment * * * and that he would continue to receive all his benefits as an employee of Champion or its subsidiaries * * *." Plaintiff further alleges that, when made, defendants had no intention of honoring the representations; that the representations were false; and that he discovered the falsity of the representations in or about April of 1969. About a month thereafter plaintiff resigned as an employee of defendant Nationwide as a result of defendants' wrongful acts. The basic defect in the complaint is that the representations complained of were promissory in nature. As such, the complaint alleges an agreement to agree, unenforceable until it crystalizes into a binding agreement, rather than an action in fraud.
>
> The complaint does not allege that the parties entered into a binding agreement at any time; nor does it allege that at any time there was a meeting of the minds on the essential terms of such an agreement. To the contrary, plaintiff's basic position is that he was promised (false though the promise may have been) that a written agreement would be entered into in the future. Implicit in such a promise is that no such agreement would be binding until written.
>
> " * * * if the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed." (cases cited)
>
> Further, while the complaint does not contain an explicit allegation of the term of the promised employment contract, if the proposed contract was intended to be for more than a one-year period, the oral agreement to grant it, or to employ plaintiff for such a period, would be unenforceable, as in violation of the Statute of Frauds (Gen. Oblig. Law sec. 5–701[1]). Such an allegation, that is, that the term of plaintiff's proposed contract would be for more than a period of one year, is clearly implicit in a fair reading of the complaint. Hence, the complaint is also defective for this reason.

resolve any issue relative to the kind or amount of damages.

Herendeen subsequently commenced the present diversity action in the United States District Court. In this action he seeks to obtain payments he alleges the defendants owe him under the Plan and have withheld from him. Here he claims that having regularly paid the required contributions into the Plan fund while employed by Nationwide, he is entitled pursuant to the Plan's eligibility rules to receive benefits under it now that he is no longer an employee of the corporation. He seeks $100,000 for the wrongful loss of benefits due him under the Plan, injunctive relief, and $785,000 in exemplary and punitive damages. This complaint was dismissed below on the ground of res judicata.

■ For a judgment in a prior action to be a bar to reaching the merits in a subsequent action it is firmly established that the prior judgment must have been rendered by a court of compe-

tent jurisdiction, been a final judgment on the merits, and that the same cause of action and the same parties or their privies were involved in both suits.[3] Only the third element is at issue here; and while we agree with the trial court that the same parties or their privies are defendants in both suits,[4] we do not find the requisite measure of identity of the two causes of action essential to support the trial court's finding of res judicata.

■ The test for determining whether causes of action are the same for purposes of res judicata has been variously expressed. Most frequently cited as the relevant criteria by both this court and the New York courts are whether a different judgment in the second action would impair or destroy rights or interests established by the judgment entered in the first action,[5] whether the same evidence is necessary to maintain the second cause of action as was required in the first,[6] and whether the essential

Representations that one will enter into such an agreement, false or not false, are not actionable, whether the cause of action is pleaded in fraud or in contract. (cases cited). . . .

The complaint fails to allege an enforceable cause of action and defendants' motion is granted.
Settle order.

Places where * * * appear are apparent omissions from the full memorandum in the New York Law Journal publication of the opinion. Two places where . . . appear represent omissions from the New York Law Journal report of the opinion omitted here as being immaterial.

3. *Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948); *Cromwell v. County of Sac,* 94 U.S. 351, 352–353, 24 L.Ed. 195 (1877); *Speed Products Co. v. Tinnerman,* 222 F.2d 61 (2d Cir. 1955); 1B *Moore's Fed. Practice* ¶ 0.410[1] at 1152–1153.

4. Judge MacMahon found that Champion and Nationwide are successors in interest to U.S. Plywood—Champion Papers, Inc., and the three additional parties, Chemical Bank New York Trust Company, Fifth Third Bank and the Committee of the Retirement Income Plan of Champion, are agents of the corporations,

and therefore this suit involves the same parties, or their privies, which were involved in the state proceeding. We agree. As the Judge noted, though the banks are termed "trustees," they merely hold the money of the Plan and release it to individuals designated by the Committee of the Plan. The banks have no discretion in administering the Plan and can be replaced by the corporation at any time. The Committee itself is merely an administrative arm of the corporation. All of the legal rights and duties of the banks and the Committee regarding the pension fund derive from the corporations, and thus the res judicata privity requirements are met. Restatement of Judgments § 83 (1942); 1B *Moore's Federal Practice* ¶ 0.411[12] at 1675–1676 n. 36, ¶ 0.412[6] at 1829–1831.

5. *McNellis v. First Fed. Sav. & Loan Ass'n of Rochester, N.Y.,* 364 F.2d 251 (2d Cir.), *cert. denied,* 385 U.S. 970, 87 S.Ct. 504, 17 L.Ed.2d 434 (1966); *Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp.,* 250 N.Y. 304, 305–6, 165 N.E. 456, 457–8 (1929), Cardozo, C. J.

6. *DeCoss v. Turner & Blanchard, Inc.,* 267 N.Y. 207, 211, 196 N.E. 28, 30 (1935); *McNellis v. First Fed. Sav. & Loan Ass'n of Rochester, N.Y., supra.*

facts and issues in the second were present in the first.[7]

■■ In applying these standards we must first determine what the plaintiff claimed and what the court decided in the first action. Herendeen's state court complaint alleged the breach of an oral agreement by which Nationwide promised to appellant that he would be provided with a written contract of employment and would continue to receive all of the employment benefits due him as an employee of the parent corporation Champion. He further alleged that the representations made by the corporation in an effort to persuade him to accept this oral agreement were false and fraudulent, and were made in furtherance of a conspiracy among the defendants designed to induce him to forego certain commissions and to drive him from his employment. Thus, his state action was grounded upon and sought damages for an alleged fraudulent breach of contract, and the pension Plan's benefits allegedly fraudulently lost to plaintiff were mentioned only as an element of all the damages plaintiff allegedly suffered as a consequence of the fraud. The state court judge dismissed the suit on the sole ground that no new written or otherwise enforceable employment contract had been made, and that even if an oral promise had been made to make one, or an oral agreement to agree to make one had been reached, enforcement was barred by the Statute of Frauds.

Appellees contend that Herendeen's present claim for pension benefits, based upon his fifteen years of employment and of participation in the Plan, is but a new claim for relief based upon the same cause of action that was adjudicated previously in the state case, and that the present complaint only presents a new theory for recovering damages for the alleged wrongful acts of defendants that have been already adjudicated. Moreover, they argue that under the applicable rules of procedure Herendeen could have presented all of his grounds for relief in the state court action, and, therefore, the final judgment in defendants' favor in the state court is here conclusive upon Herendeen not only as to the claims there adjudicated, but also as to claims which could have been there adjudicated.

We can agree with appellee that they have correctly stated the law that is applicable when a plaintiff in his second suit, grounded upon the same allegations of defendant liability as alleged in a former suit, advances in the second suit a new theory of damage recovery only.[8] Here, however, plaintiff in his second suit has set forth an independent claim of defendant wrongdoing.

In his state suit Herendeen did not raise, and the trial court did not consider in its adjudicating memorandum, the issue of Herendeen's pension rights pursuant to the contract of employment which he had voluntarily terminated on May 18, 1969,—rights which he now claims had vested prior to his resignation. While the same alleged right, the right to receive pension benefits, is involved in both suits, the wrongful acts of defendants alleged in the two complaints are quite different. In the state court proceeding the plaintiff complained that the corporation failed to contract with him as promised, and, as a consequence, he lost pension benefits. In the district court suit here, the plaintiff alleges that the corporation has, as to him, misap-

---

7. *Smith .v. Kirkpatrick*, 305 N.Y. 66, 111 N.E.2d 209 (1953); *Stoner v. Culligan*, 32 A.D.2d 170, 300 N.Y.S.2d 966, 968 (1st Dep't 1969); *McNellis v. First Fed. Sav. & Loan Ass'n of Rochester, N.Y., supra*. See also 1B *Moore's Fed. Practice* ¶ 0.410[1] at 1158.

8. Restatement of Judgments § 63 (1942) states:

Where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining an action on the same cause of action although he presents a ground for the relief asked other than those presented in the original action. . . .

plied the Plan regulations, and as a consequence pension benefits his pre-existing employment entitles him to, have been wrongfully denied to him upon his employment by a competitor.

Moreover, there is no "measure of identity" in the two complaints such that a judgment in the district court action could impair the parties' rights established by the judgment entered in the state court in the prior adjudicated state action. A finding in the federal case that defendants had misapplied the Plan regulations and thereby deprived plaintiff of a full participation in the Plan fund would not affect the state court determination that defendants were under no obligation to contract with plaintiff in connection with his resignation, or affect the adjudicated rights of the parties with reference to any alleged fraudulently promised future employment.

Finally, it seems obvious that evidence which would have tended to support or to deny the allegations in the state complaint would not be required to meet the issues presented in the federal complaint, and the evidence plaintiff needs to sustain the allegations of wrongdoing in the present complaint would not have sustained the plaintiff's claims of defendant wrongdoing in the state court complaint.[9] Appellant's inability to establish the existence of a new contract with Champion is in no way dispositive of his alleged vested rights in the Plan, which were built up during his fifteen years of employment. Appellant has not yet had his day in court on the issue of whether he can sustain his claim to pension rights.

Although in the state suit appellant could have joined the present cause of action along with his claim that defendants misled him fraudulently when he resigned, he was not compelled to do so; and the institution of the separate suit seeking unpaid alleged entitlements under the pension Plan is in accord with the holding in an early and leading case, *Secor v. Sturgis,* 16 N.Y. 548 (1858).

> The true distinction between demands or rights of action which are single and entire, and those which are several and distinct is, that the former immediately arise out of one and the same act or contract, and the latter out of different acts or contracts. Perhaps as simple and safe a test as the subject admits of . . . is by inquiring whether it rests upon one or several acts or agreements . . . in respect to contracts, express or implied, each contract affords one and only one cause of action. *Secor v. Sturgis, supra* at 558.

We intimate no view as to the merits of appellant's assertions regarding his pension rights under his terminated employment contract. We hold here only that the present federal complaint alleges and sets forth a separate and distinct cause of action from that adjudicated in the state court, and hence the federal action is not barred by the state court judgment. Accordingly, we reverse the judgment below that appellant's action is barred by res judicata and remand for further proceedings.

---

**9.** Restatement of Judgments § 61 (1942) states:

> Where a judgment is rendered in favor of the plaintiff or where a judgment on the merits is rendered in favor of the defendant, the plaintiff is precluded from subsequently maintaining a second action based upon the same transaction, if the evidence needed to sustain the second action would have sustained the first action.