DURHAM INDUSTRIES, INC., Plaintiff,

v.

The NORTH RIVER INSURANCE
COMPANY, Defendant.

No. 79 Civ. 1705 (RWS).

United States District Court,
S. D. New York.

Dec. 11, 1979.

Lawrence Lauer, New York City, for plaintiff.

Newman & Schlau, P. C., New York City, for defendant.

## OPINION

SWEET, District Judge.

In this action to recover damages for abuse of process and *prima facie* tort, Durham Industries, Inc. ("Durham") has moved for an order dismissing the four affirmative defenses raised by defendant North River Insurance Company ("North River"). Defendant has responded with a motion for summary judgment pursuant to Fed.R. Civ.P. 56.

The circumstances leading up to this action arose out of an agreement between the Ta Peng Steamship Company ("Ta Peng") and Durham for the delivery of a shipment of toys. After Ta Peng failed to make that delivery, Durham commenced an action before the Honorable Charles E. Stewart, Jr. in the Southern District of New York (Index No. 73 Civ. 4740).

Durham procured an order of attachment against the bank account of Ta Peng to cover its claimed loss. Ta Peng then applied for and received an order discharging the attachment of its bank account upon the filing of a surety bond which guaranteed the payment of any judgment that might be recovered in the action against Ta Peng. Ta Peng obtained the bond from North River, and as security for issuance of the bond, provided a letter of credit drawn on First National City Bank in the amount of $350,000, which permitted North River to draw this amount upon demand.

On April 28, 1976, a judgment was entered in favor of Durham against Ta Peng in the amount of $223,670.08, not including interest or costs. Ta Peng refused to pay this amount and when demand was made upon North River, it also declined to pay. These refusals were apparently due to the fact that the letter of credit had only been extended until April 18, 1976, and North River had failed to draw upon the letter of credit or obtain its extension before that date.

In June, 1976, Durham brought a separate action against North River before the Honorable Morris E. Lasker in the Southern District of New York (Index No. 76 Civ. 2433), seeking to recover payment under the terms of the bond. North River asserted an affirmative defense of fraud and collusion between Durham and Ta Peng which allegedly released it from its obligation under the terms of the bond.

At this same time, North River commenced an action against Ta Peng in New York Supreme Court, seeking to compel Ta Peng to reinstitute the collateral for the bond. Ta Peng consented to a judgment on August 25, 1976, and agreed to make 11 monthly payments of $20,000 to North River. In fact, only three of those payments were ever made.

In the action before Judge Lasker, Durham twice moved for summary judgment

and orders dismissing North River's affirmative defense of fraud. The second of these motions specifically referred to the settlement of the state court action brought by North River against Ta Peng. The court denied both motions, however, concluding that the defendant had raised genuine issues of fact which could only be resolved after trial.

After trial, judgment was rendered in the amount of $223,670.08, plus interest from the date of the judgment against Ta Peng. That judgment did not include any award of extraordinary costs relating to the prosecution of the case. North River subsequently paid Durham $260,992.90 and a satisfaction of judgment was signed by the attorney for Durham on January 30, 1979.

In this latest action instituted in April, 1979, Durham claims that North River's failure to drop its affirmative defense of fraud after its settlement with Ta Peng constitutes an abuse of process and a *prima facie* tort. North River has raised four affirmative defenses in this action: (1) res judicata and/or collateral estoppel; (2) satisfaction of the judgment; (3) failure to state a claim upon which relief can be granted; and (4) lack of in personam jurisdiction over the defendant. Plaintiff seeks to have these defenses stricken as legally insufficient pursuant to Fed.R.Civ.P. 12(f). Defendant has cross-moved for summary judgment on its first two defenses.[1]

**1. *Res Judicata and Collateral Estoppel***

■ The binding force of res judicata extends not only to issues actually raised and litigated, but also to issues that might have been raised but were not. *See Browning Debenture Holders' Committee v. DASA Corp.*, 605 F.2d 35, 39 (2d Cir. 1978); *Grossman v. Axelrod*, 466 F.Supp. 770, 778 (S.D.N.Y.1979). Where a subsequent suit is based on a different cause of action, however, the principle of collateral estoppel renders the prior judgment conclusive only as to matters necessarily litigated and deter-

mined in the prior proceeding. *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. 591, 597–98, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Expert Electric, Inc. v. Levine*, 554 F.2d 1227, 1233 (2d Cir.), *cert. denied*, 434 U.S. 903, 98 S.Ct. 300, 54 L.Ed.2d 190 (1977).

■ For a judgment in a prior proceeding to be res judicata in a subsequent action, the prior judgment must have (1) been rendered by a court of competent jurisdiction, (2) been a final judgment on the merits, and (3) involved the same cause of action and the same parties or their privies in both suits. *Commissioner of Internal Revenue v. Sunnen*, 333 U.S. at 597, 68 S.Ct. 715; *Cromwell v. County of Sac*, 94 U.S. 351, 352–53, 24 L.Ed. 195 (1877); *Expert Electric, Inc. v. Levine*, 554 F.2d at 1232–33; *Herendeen v. Champion International Corp.*, 525 F.2d 130, 133 (2d Cir. 1977); 1B *Moore's Federal Practice* ¶ 0.410[1] at 1152 (2d ed. 1974). In this case, there is no dispute regarding the first two elements and there is no question that the parties are the same in both actions.

The issue to be resolved is whether the cause of action in this suit and the cause of action that was before Judge Lasker are identical. Unfortunately, the determination as to whether claims are duplicative is not a matter of precision, nor subject to the application of any mechanical formula. *See Expert Electric, Inc. v. Levine*, 554 F.2d at 1234. The tests have been variously stated as whether a different judgment in the second action would impair rights established by the judgment in the first action; whether the evidentiary basis of the first and second action is the same; or whether the essential facts and issues in the second action were present in the first. *Herendeen v. Champion International Corp.*, 525 F.2d at 133–34.

The Second Circuit has held that the crucial element underlying all of these standards is the factual predicate of the claim asserted, "[f]or it is the facts surrounding

1. Although defendant's motion papers do not specifically limit the scope of the summary judgment to the first two issues, its memoran-

dum of law only addresses these defenses and these were the only issues discussed by defendant's attorney during oral argument.

the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Expert Electric, Inc. v. Levine,* 554 F.2d at 1234. *See also Ellentuck v. Klein,* 570 F.2d 414, 428 n. 22 (2d Cir. 1978). Although there is some factual similarity between the earlier action to recover on the judgment and the instant action, this court cannot conclude that it is so great that the causes of action may be considered the same.

■ To begin with, the relevant facts in the instant action arose after the commencement of the suit before Judge Lasker. In the first action, Durham needed only to establish the terms of the surety bond, the existence of the judgment and the absence of fraud or collusion. In the case at bar, there are factual issues relating to the intent of North River after the settlement of its action against Ta Peng and the existence of any justification for its action. These latter factual questions were not directly relevant to the action before Judge Lasker,[2] and although plaintiff might have been granted leave by the judge to amend its complaint to include this cause of action after it learned of the settlement in state court, it was not compelled to do so by the federal rules of civil procedure. Fed.R. Civ.P. 18(a). Consequently, plaintiff is not barred by its failure to move for joinder from raising this separate cause of action at this time. *See Herendeen v. Champion International Corp.,* 525 F.2d at 135; *American Broadcasting Companies, Inc. v. Ali,* 434 F.Supp. 1108, 1112 (S.D.N.Y.), *aff'd,* 573 F.2d 1287 (2d Cir. 1977). *See also Secor v. Sturgis,* 16 N.Y. 548, 554 (1858) ("It makes no difference that the causes of action might be united in a single suit").

■ This conclusion does not mean, however, that plaintiff would not be bound by the doctrine of collateral estoppel from relitigating any issues that were litigated and necessary to the determination of the action

before Judge Lasker. *See Winters v. Lavine,* 574 F.2d 46, 57 (2d Cir. 1978). Because it is not clear at this point whether any such issue is relevant to the case at bar, defendant's motion for summary judgment must be denied at this time.

■ The denial of summary judgment on the issues of res judicata and collateral estoppel does not mean that plaintiff is entitled to an order striking these affirmative defenses. Motions to strike a defense are not favorably regarded. *Sample v. Gotham Football Club, Inc.,* 59 F.R.D. 160 (S.D.N.Y. 1973); Wright & Miller, *Federal Practice and Procedure*: Civil § 1380 at 783. Ordinarily, a motion to strike a defense will be denied if the defense is sufficient as a matter of law or it fairly presents a question of law or fact which the court ought to hear. 2A *Moore's Federal Practice* ¶ 12.21 at 2437 (2d ed. 1979). In other words, "a defense is good unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Lehmann Trading Corp. v. J. & H. Stolow, Inc.,* 184 F.Supp. 21, 22–23 (S.D.N.Y.1960).

Because the defense of res judicata is insufficient as a matter of law, it will be dismissed pursuant to Fed.R.Civ.P. 12(f). The defense of a collateral estoppel may prove to be a valid one, however, so plaintiff's motion to strike that defense is denied.

### 2. The Other Defenses

■ As mentioned, North River has also moved for summary judgment on the ground that the satisfaction of judgment signed January 30, 1979, serves as a general release of all claims. Defendant relies on case law to the effect that a surety's obligation is terminated when its obligation has been terminated and its surety received. This is not dispositive of the issue, however,

---

2. In its second motion for summary judgment before Judge Lasker, plaintiff did raise the fact that there was a settlement agreement between Ta Peng and North River and alleged that North River's continued claim of fraud was therefore inconsistent and spurious. This in-

formation was only provided for the purpose of establishing the unlikelihood of a conspiracy to defraud between Durham and Ta Peng, however, and in fact seems only marginally relevant to that issue.

because the instant action is for a tort separate and apart from defendant's obligation on the bond. It may be, however, that defendant can prove that the parties intended that the signed satisfaction of judgment constitute a general release. Because of the existence of this factual issue, North River's motion for summary judgment on this issue is denied as is Durham's motion to strike the defense.

■■ This court also declines to strike the defense of failure to state a cause of action. It is far from clear that defendant could produce no facts that would establish an excuse or justification to overcome a claim of prima facie tort. *See ATI, Inc. v. Ruder & Finn,* 42 N.Y.2d 454, 459, 398 N.Y. S.2d 864, 867, 368 N.E.2d 1230 (1977). Moreover, in its claim of abuse of process, plaintiff in fact fails to state a cause of action. In order to make out an abuse of process claim under New York law, there must be "regularly issued process . . . compelling the performance or forebearance of some prescribed act." *Board of Education v. Farmingdale Teachers Ass'n, Inc.,* 38 N.Y.2d 397, 403, 380 N.Y.S.2d 635, 642, 343 N.E.2d 278, 283 (1975). The assertion of an affirmative defense does not satisfy this requirement, because it is not a direction or demand that Durham perform or refrain from doing such an act. *See generally, Julian J. Studley, Inc. v. Lefrak,* 41 N.Y.2d 881, 884, 393 N.Y.S.2d 980, 982, 362 N.E.2d 611 (1977). *Cf. Krellman v. Livingston,* 64 A.D.2d 621, 406 N.Y.S.2d 881, 882 (2d Dept. 1978) (complaint and summons do not satisfy requirement that there be regularly issued process which compels performance or forebearance of prescribed act). Consequently, plaintiff's claim of abuse of process is dismissed by this court *sua sponte.* 2A *Moore's Federal Practice* ¶ 12.21 at 2439 (2d ed. 1979).

■ Finally, defendant's assertion that this court lacks personal jurisdiction over it is not supported by any papers on this motion. Plaintiff, however, has submitted proof of service upon North River. In the absence of any attempt by defendant to support its claim or any clue as to its basis, that defense shall be stricken as insufficient with leave to amend should defendant seek to pursue it. *See* 2A *Moore's Federal Practice* ¶ 12.21 at 2439 (2d ed. 1979).

In conclusion, defendant's motion for summary judgment is denied. Plaintiff's claim of abuse of process is dismissed for failure to state a cause of action. Plaintiff's motion to strike the affirmative defense of res judicata is granted, and its motion to strike the defense of lack of personal jurisdiction is granted with leave to amend.

IT IS SO ORDERED.