No. 83-534

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

AUDIT SERVICES, INC., a Montana
corp.,

Plaintiff and Appellant,

-vs-

WAYNE ANDERSON d/b/a WAYNE'S
ELECTRIC,

Defendant and Respondent.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Cure, Borer & Davis; Maxon R. Davis, Great Falls,
Montana

For Respondent:

Howard F. Strause, Great Falls, Montana

---

Submitted on Briefs: March 23, 1984

Decided: July 23, 1984

Filed: JUL 23 1984

*Ethel M. Harrison*

Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

This case comes on appeal from a September 22, 1983, order of the District Court, Eighth Judicial District, Cascade County, granting the respondent, Wayne Anderson, summary judgment against the appellant, Audit Services, Inc. We reverse and remand.

On September 1, 1977, Wayne Anderson, a Great Falls electrical contractor doing business as Wayne's Electric, signed two agreements with Local 122 of the International Brotherhood of Electrical Workers (IBEW). The first agreement, a "letter of assent," bound Anderson to the terms of current and successive collective bargaining agreements negotiated between Local 122 and the Montana Chapter National Electric Contractors Association, Great Falls Division (NECA). NECA was designated as Anderson's collective bargaining representative. The second document signed by Anderson was a participating agreement for the IBEW-NECA Health and Accident Trust. The trust agreement was also signed by the IBEW and NECA. According to the trust agreement, Anderson was to make health and welfare contributions to the trust at a rate set forth in the collective bargaining agreements. Six trustees were to be appointed to administer the funds paid into the trust. The trustees, who are the assignors of Audit Services, Inc. in this action, did not sign and were not a party to either the collective bargaining agreements or the trust agreement.

In July, 1981, a representative of the trust examined Anderson's payroll records and determined that Anderson had not made full and proper contributions to the trust. When

Anderson refused to pay the amounts allegedly due, the trust's claim was assigned to Audit Services, Inc. for the purpose of collection. Audit Services, Inc. filed this action on June 22, 1982. A follow-up audit was conducted and additional sums were found to be owed the trust. An amended complaint combining the two audits was filed by Audit Services, Inc.

Meanwhile, on December 11, 1981, IBEW Local 122 filed a lawsuit against Anderson in Federal District Court. The lawsuit was based upon Section 301 of the Labor-Management Relations Act (LMRA), 29 U.S.C. Sec. 185, and alleged violations of the same collective bargaining agreements between Local 122 and NECA to which Anderson was bound by virute of his execution of the "letter of assent." Count I of the union's complaint alleged a breach of hiring hall provisions of the collective bargaining agreements. In effect, the union claimed that Anderson had failed to hire persons referred from the union hall. Count I stated that the collective bargaining agreements required Anderson to contribute to the trust as well as make payments of other fringe benefits. Thus, as set forth in Count I, persons who had been denied employment by Anderson because of his alleged hiring hall violations had lost compensation, including trust contributions, to which they would have been entitled pursuant to the collective bargaining agreements.

Count II of the union's complaint alleged that Anderson violated the collective bargaining agreements because he failed to require persons who he did hire to join the union.

The relief which the union sought was that Anderson

pay the wages of persons who were not, but should have been, hired through the union referral mechanism. Paragraph 2 of the prayer also asked that Anderson be required to pay the necessary fringe benefits including health and welfare contributions to the trust.

On January 24, 1983, the union and Anderson stipulated to a dismissal with prejudice of the Federal District Court complaint. An order to that effect was entered the following day.

In the meantime, Audit Services, Inc., as assignee of the trust's claim against Anderson, proceeded with its collection action in state court. After the parties had made cross-motions for summary judgment, the District Court granted Anderson summary judgment on September 22, 1983. The District Court accepted Anderson's argument that the dismissal with prejudice of the union's Federal District Court lawsuit stood as res judicata, barring the trust claims that were being litigated in State court.

From the order of the District Court, Audit Services, Inc. appeals raising one issue: did the dismissal with prejudice of the union's lawsuit against Anderson for violation of their collective bargaining agreements serve as res judicata for the claims of the trustees of the trust fund to collect contributions based upon hours worked by Anderson's employees?

We note first that state courts have concurrent jurisdiction with federal courts in trust fund collection cases and federal substantive law provides the basis for our decisions. Audit Services, Inc. v. Harvey Bros. Construction Co. (Mont. 1983), 665 P.2d 792, 40 St.Rep.

1019; Lowe et al. v. O'Conner (1973), 163 Mont. 100, 515 P.2d 677. Where compatible with federal labor law, state law may be resorted to in order to find a rule that will best effectuate federal policy. Textile Workers Union v. Lincoln Mills (1957), 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972.

The doctrine of res judicata provides that the parties to an action in which a judgment on the merits has been rendered, or their privies, are barred from relitigating the same cause of action in a second proceeding. Expert Electric Inc. v. Levine (2d Cir. 1977), 554 F.2d 1227. This Court in Smith v. County of Musselshell (1970), 155 Mont. 376, 472 P.2d 878, stated that four criteria must be met before a plea of res judicata can be sustained: (1) the parties or their privies must be the same; (2) the subject matter of the action must be the same; (3) the issues must be the same and relate to the same subject matter; and (4) the capacities of the persons must be the same in reference to the subject matter and to the issues between them.

In granting Anderson's motion for summary judgment on the basis of res judicata, the District Court stated that Audit Services Inc.'s situation was analagous to that of the union in St. Louis Typographical Union No. 8 v. The Herald Co. (E.D. Mo. 1967), 277 F.Supp. 276. In the St. Louis Typographical case, certain union members sued the employer individually for benefits allegedly due under a collective bargaining agreement. After the individual union members lost that suit, the union sued the employer for the same benefits. In deciding that the union's case was barred by res judicata, the St. Louis Typographical court said:

-5-

> ". . . the union has no beneficial
> interest in any possible recovery.
> Although its right to sue is granted by
> the federal law, it prosecutes the
> present suit solely as the agent or
> representative of those who would receive
> the proceeds of any recovey." St. Louis
> Typograhical, supra, p. 282.

The St. Louis Typographical court went on to say that res judicata applied because the plaintiff's in the two actions were in "privity." The St. Louis Typographical court said "privity" designates a person so identified in interest with a party to former litigation that ". . . he represents precisely the same legal right in respect to the subject matter involved." St. Louis Typographical, supra, 277 F.Supp at 284. Thus, the District Court in the present action concluded that res judicata barred Audit Services Inc.'s action because Audit Services Inc. was bringing the suit solely as the representative of the union members.

However, in the instant case, Audit Services, Inc. was not representing precisely the same legal right in respect to the subject matter involved as in the union's Federal District Court suit against Anderson. The union's Federal District Court action concerned Anderson's alleged breach of the "hiring hall" and "union security" clauses of his collective bargaining agreements. While mention was made of health and welfare trust contributions, it was within the context of the compensation that was lost to those union members not hired due to Anderson's breach of the "hiring hall" clause of the collective bargaining agreements.

By contrast, the claims of the trustees assigned to Audit Services, Inc. were for contributions based upon actual hours worked by Anderson's employees. The fact that both Audit Services, Inc. and the union sought enforcement

-6-

of certain provisions of the same collective bargaining agreement does not satisfy the "identity of issues" requirement necessary for the doctrine of res judicata. As stated by the court in American Broadcasting Companies, Inc. v. Muhammad Ali (S.D.N.Y. 1977), 434 F. Supp. 1108:

> "The limitation of the doctrine to the 'same cause of action' is highly significant. Where two distinct causes of action exist, they may be sued on separately notwithstanding the fact that they arise from the same general course of events, Kernel Kutter, Inc. v. Fawcett Publications, Inc., 284 F.2d 675, 676 (7th Cir. 1960); Bankers Trust Co. v. Pacific Employers Insurance Co., 282 F.2d 106, 111 (9th Cir. 1960), cert. denied, 368 U.S. 822, 82 S.Ct. 41, 7 L.Ed.2d 27 (1961), that an element of damages is common to both suits, Herendeen v. Champion International Corp., 525 F.2d 130, 134 (2d Cir. 1975)., or both might have been asserted at the same time, Herendeen, supra, at 135; Secor v. Sturgis, 16 N.Y. 548, 554 (1858)('It makes no difference that the causes of action might be united in a single suit.' Id.)"

Moreover, we reject the District Court's conclusion that res judicata applies to the present case because the trustees and the union are "privies." As the trustees' functions have developed under federal labor law, a significant distance has been recognized between the trustees of a jointly administered benefit trust fund and a union which is a co-sponsor of the trust. By Section 403 of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Section 1103, the trustees, rather than the union, the participating employers or any third parties, are given the exclusive authority to manage and control the assets of the plan. The court in Waggoner v. Dallaire (9th Cir. 1981), 649 F.2d 1362, said:

> "The district court's conclusion hinges

> upon the legal finding that Local 12 and
> Fortsen acted as the Trustees' agents.
> This may have been a proper conclusion
> under California agency law: it is
> incorrect under federal law. As a matter
> of federal law, a union and its
> representatives are not agents of a trust
> fund created by a collective bargaining
> agreement. Trust authoritites set up
> pursuant to section 302 of the LMRA have
> long been held to constitute a distinct
> and independent entity separate from the
> union that negotiates the collective
> bargaining agreement establishing a
> trust. See Lewis v. Benedict Coal Corp.,
> 361 U.S. 459, 465-71, 80 S.Ct. 489,
> 493-496, 4 L.Ed.2d 442 (1960). These
> trust authorities by law have no
> authority to direct union activities and
> unions are involved with the trust
> authoritites only to the extent of
> selecting half of the trustees. Section
> 302(c)(5) of the LMRA, 29 U.S.C. Section
> 186(c)(5). Moreover, all funds in trust
> must be used 'for the sole and exclusive
> benefit of employees.' Id. 'Thus, the
> fund is no way an asset or property of
> the union.' Lewis v. Benedict Coal
> Corp., 361 U.S. at 465, 80 S.Ct. at 493."

The trustees have legal duties independent of both the union and the employer in administering the trust fund. N.L.R.B. v. Amax Coal Co. (1981), 453 U.S. 322, 333-334, 101 S.Ct. 2789, 69 L.Ed.2d 672. A union cannot relieve the trustees of those duties either by action or non-action. This is the federal labor policy within which this Court is to apply the doctrine of res judicata.

We reverse the decision of the District Court and remand the cause for further proceedings in accordance with this opinion.

_____
Justice

-8-

We concur:

_Frank I. Haswell_
Chief Justice

_Daniel J. Shea_

_____

_Gen B. Harrison_
Justices