**In re SUBROGATION & RECOVERY SERVICES, INC.,**
**Debtor–in–Possession.**

**SUBROGATION & RECOVERY CONSULTANTS, INC.,**
**Plaintiff,**

v.

**Patricia SHOTT, et al., Defendants.**

Bankruptcy No. 1–89–02449.
Adv. No. 1–90–0060.

United States Bankruptcy Court,
S.D. Ohio, W.D.

Oct. 12, 1990.

Richard D. Nelson, Cincinnati, Ohio, for debtor-in-possession.

Gregory R. Wilson, Cincinnati, Ohio, for defendant Smith.

Daniel E. Whiteley, Jr., Cincinnati, Ohio, for defendants Shott.

Charles Caldwell, Cincinnati, Ohio, Asst. U.S. Trustee.

## DECISION RE MOTIONS TO DISMISS CROSS–CLAIM

BURTON PERLMAN, Chief Judge.

In this adversary proceeding, defendant Walter C. Evans filed a cross-claim against the other defendants in the case, Timothy Smith, Edgar Shott, and Patricia Shott. Smith has filed a motion to dismiss the Evans' cross-claim against him on grounds of res judicata. Defendants Edgar Shott and Patricia Shott have also moved to dismiss the Evans' cross-claim as it applies to them. While Edgar Shott and Patricia Shott have filed separate motions, the contents of such motions and their respective memoranda are identical. Consequently, we will hereafter refer to the Shott motions to dismiss Evans' cross-claim, and it will be understood to refer to both such motions. We deal hereafter separately with the Smith motion and the Shott motions.

### 1. The Smith Motion.

The basis for the contention of res judicata is that in a law suit in the Hamilton County Common Pleas Court, *Evans v. Smith,* Case No. A8905031, Evans, in his amended complaint, made allegations against Smith which cover the same ground as do the allegations of his cross-claim here with respect to Smith. The state court action resulted in a dismissal with prejudice, and Smith says that this precludes Evans from the right to press his claim against Smith in this court.

In order to deal with this motion to dismiss, we must analyze the complaint in the Common Pleas Court and measure it against the cross-claim here asserted by Evans.

Evans, in his amended complaint in the Common Pleas Court, presents eleven causes of action. Only the third, eighth and tenth are relevant here. They relate to a business transaction in which Evans and Smith were involved. In the third cause of action, Evans alleges that in 1988 he was engaged in negotiation for the purchase of Subrogation and Recovery Consultants, Inc. (SRC). Evans then says that Smith told him that he had been solicited by the owner of SRC to buy the business. Smith said that he would negotiate and purchase the business on behalf of Evans and himself without informing the seller that he was representing Evans' interest. It is further alleged that Evans and Smith entered into an agreement whereby Smith would purchase the shares of the corporation on behalf of himself and Evans. Evans then paid Smith $14,000.00 and the purchase of the shares of SRC was completed by Smith in July, 1988. It is then alleged that Smith fraudulently refused to issue any of the shares of SRC to plaintiff as agreed, and Smith now claims full and complete ownership of SRC for himself.

In the eighth cause of action, Evans alleges that Smith acted as broker and adviser to Evans in the purchase of SRC. He says that Smith misrepresented material facts regarding the offer to sell SRC. In this cause of action, Smith bases his claim upon violations of Section 1701.01 to 1707.-44 of the ORC. In the tenth cause of action, again actions regarding SRC are alleged. Evans alleges that Smith attempted to terminate Evans' business relationship and employment with SRC. In this cause of action, the basis is for tortious interference with a business relationship.

In the Evans' cross-claim in this court, the following allegations regarding Smith are to be found. In paragraph 26, he says that on or about March 6, 1989, he and Smith entered into a stock purchase agreement wherein Smith agreed to sell his in-

terest in SRC to Evans. In paragraph 30, he says that Smith tortiously interfered with the business and contractual relations and shareholder rights of Evans. In paragraph 34, he says that Smith was aware of Evans' intent in April/May 1988 to purchase all interests of SRC, and in paragraph 35 he says that subsequent thereto the owners entered into purchase negotiations with Smith for Smith to purchase their interest in SRC. In paragraph 37, he says that in late January/early February, 1989 Smith offered to sell him Smith's interest in SRC. In paragraph 38, he says that he accepted Smith's offer to sell Smith's interest to him in SRC. In paragraph 43, he says that Smith did tell him of the owner's offer to sell and about such owner's negotiations with Smith to purchase. In paragraph 44, he alleges that he and Smith agreed that Smith would negotiate the purchase of SRC as the representative of Evans and Smith. In paragraph 45, he says that Smith did in fact negotiate the stock purchase agreement with the owners and such representative. In paragraph 46, he says that negotiations for purchase had been completed by June, 1989.

While the defense of res judicata is not specifically listed as a defense which may be raised by motion under F.R.Civ.P. 12(b), federal courts permit it to be raised by motion to dismiss. *Westwood Chemical Co., Inc. v. Kulick,* 656 F.2d 1224, 1227–89 (6th Cir.1981).

In determining whether the judgment entered in Hamilton County Case No. A8905031 precludes the cross-claim by Evans against Smith, this court is governed by the principles of res judicata. These are well stated in *Westwood Chemical Co., Inc. v. Kulick,* 656 F.2d 1224 (6th Cir.1981) at p. 1227:

> ... The purpose of res judicata is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. See *Federated Department Stores, Inc. v. Moitie,* [452] U.S. [394], 101 S.Ct. 2424, 2427–2431, 69 L.Ed.2d 103 (1981); *James v. Gerber Products Co.,* 587 F.2d 324, 327–28 (6th Cir.1978). A final judgment on a claim is res judicata

and bars relitigation between the same parties or their privies on the same claim. See *Federated Department Stores, supra,* [452] U.S. at [397], 101 S.Ct. at 2427; *Herendeen v. Champion International Corp.,* 525 F.2d 130, 133 (2nd Cir.1975). It bars relitigation on every issue actually litigated or which could have been raised with respect to that claim. See *James, supra,* 587 F.2d at 328. *To constitute a bar, there must be an identity of the causes of action—that is, an identity of the facts creating the right of action and of the evidence necessary to sustain each action.* (Emphasis supplied.)

See also 63 O.Jur.3d Judgments, Sec. 409 (1985) where, at page 188, may be found the following:

> The primary tests for determining whether two actions are on the same cause of action for the purpose of applying the doctrine have been stated as follows: the identity of facts creating the right of action in each case, the identity of the evidence necessary to sustain each action, and the accrual of the alleged rights of action at the same time.

■ Furthermore, the principle of res judicata does not merely preclude the re-raising of identical issues. It also precludes the raising of new issues which could have been raised in a prior action, but were not. *Westwood Chemical Co., Inc. v. Kulick, supra; Coogan v. Cincinnati Bar Assn.,* 431 F.2d 1209 (6th Cir.1970).

■ Plainly, the grievances of Evans' amended complaint against Smith in the Common Pleas Court are the same as those set forth against Smith in his cross-claim in the present adversary proceeding. They relate to a transaction for the acquisition of SRC in which Evans and Smith were engaged. Evans therefore may not, because the doctrine of res judicata applies, proceed further with his cross-claim here against Smith. Smith's motion to dismiss Evans' cross-claim as to him will be granted.

Evans, in his memorandum in opposition to the Smith motion to dismiss, presents basically two arguments. His first is that

the state court judgment is void. He argues that the state court lacked subject matter jurisdiction of the claims made in that case. The reason for this, he says, is that this court was vested with exclusive jurisdiction upon the filing of the present adversary proceeding and also because of the filing of the SRC Chapter 11 bankruptcy case. In this regard, he directs our attention to 28 U.S.C. Section 1334 which defines the subject matter jurisdiction of federal courts. His contention that this federal court has original and exclusive subject matter jurisdiction over the issues raised in this adversary proceeding is mistaken. Section 1334(a) states that the federal courts have original and exclusive jurisdiction of all cases under Title 11. It is not there that the jurisdiction governing the present adversary proceeding is to be found. Rather is it to be found at Section 1334(b) which expressly states that the federal courts have original but *not exclusive* jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. The present adversary proceeding is such a civil proceeding.

Further, Evans argues that when service was obtained upon the defendants in this adversary proceeding, somehow this conferred exclusive jurisdiction upon the bankruptcy court. True, it was the intention of this court to determine all the issues effecting ownership of the stock of debtor corporation, but that expectation is not self-executing. Had he attempted it, Evans might have persuaded this court to enjoin the conduct of the Common Pleas Court case pursuant to 11 U.S.C. Section 105. This court does have the power. In the absence of an injunction preventing the state court suit from proceeding, that court certainly had jurisdiction to proceed and its judgment is not void for res judicata purposes here.

The second argument presented by Evans is that res judicata is not available here to Smith because his claims in the present adversary proceeding "are not founded on the same core of operative facts nor advanced under the same cause of action." The difference, says Evans, is that he does not merely claim ownership in 100 shares

of SRC which was the claim in the Common Pleas Court case, but here claims ownership of 750 shares. But in neither the Common Pleas amended complaint nor in the relevant paragraphs of the Evans' cross-claim is there any mention of a number of shares of stock. Both refer to efforts to acquire the business of SRC. Further, Evans argues that the scope of his cross-complaint is more extensive than that of the Common Pleas Court amended complaint, making reference to the various claims which he asserts in his cross-claim against the Shotts. That argument is misplaced because for present purposes we deal only with the motion to dismiss of Smith.

2. The Shott Motions

In their memoranda, the Shotts say, first, that the prior adjudicated case, *Evans v. Smith*, Case No. A8905031, in the Hamilton County Common Pleas Court, decided adversely to Evans, precludes his pressing his cross-claim here against the Shotts by reason of collateral estoppel. Second, the Shotts contend that on the facts disclosed in the contracts attached to the pleadings, Evans is entitled to no relief.

(a) Collateral Estoppel. The Common Pleas Court case was terminated when a motion to dismiss was granted. There is no indication that there was any trial on the merits of the claims asserted by Evans in that suit.

■ The law in the Sixth Circuit on the subject of collateral estoppel has been explicated in *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981). In that case, the court laid out the prerequisite which must be met before collateral estoppel effect may be accorded to a prior adjudication. At p. 228 the court said: "Collateral estoppel requires that the precise issue in the later proceedings have been raised in the prior proceeding, that the issue was actually litigated, and that the determination was necessary to the outcome." Since the issues in the Common Pleas Court case were not "actually litigated", the case having been terminated by a dismissal, the contention of movants that collateral estoppel should apply is mistaken.

(b) The Disclosed Facts. In this ground, movants specially rely upon facts which are not proved. For example, they assert that defendant Smith failed to meet his obligations under the terms of his agreement with Patricia Shott. Nowhere is this fact established.

The motions of the Shotts to dismiss the cross claim of Evans, being without merit, will be denied.

\* \* · \*

Walter C. Evans, defendant and cross-complainant herein, has requested a hearing on the motions dealt with above. Perceiving no desirability to augment the written submissions by the parties, such motion will be denied.